UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BWW, Inc., d/b/a **SERVEPRO OF BIRMINGHAM** | ) ) ) |
| Plaintiff, | ) ) |
| v. | Case No.   1:21-CV-00470-CLM ) ) ) |
| **JAMES BRIGHAM, et al.,** | ) ) |
| Defendants. | ) |

## ORDER

BWW, Inc. d/b/a SERVEPRO of Birmingham (ServePro) moved to supplement its complaint (doc. 20) and the defendants filed a response in opposition (doc. 21). Then, ServePro moved to file a reply to the defendants' opposition (doc. 22). The court **GRANTS** ServePro's motion to file a reply (doc. 22). After considering the attached reply brief, the court **DENIES** the motion to file a supplemented complaint (doc. 20) for the reasons stated below.

In this case, ServePro alleges that Jacksonville State University (JSU) failed to pay SERVEPRO for tornado recovery work. ServePro wants to supplement its tornado-related complaint with information about a new complaint filed in state court that alleges JSU, its president, and others failed to pay a contractual $1 million penalty to the Ohio Valley Athletic Conference when JSU left the conference. *See*

Complaint in *Ohio Valley Conference v. Jacksonville State Univ.*, 11-CV-2021-900312.00 (filed Aug. 3, 2021).

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). So this court should allow plaintiffs to supplement their complaint "when justice so requires." *See Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). Of course, Rule 15(d) says the court "may" permit, meaning that the court has discretion to deny supplements. In making that decision, courts "weigh the totality of the circumstances." *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015).

Having read the proposed supplement, the court finds that the totality of the circumstances warrant denial of the proposed supplement, for several reasons. First, JSU's failure to pay a penalty for leaving an athletic conference is not related to the facts of this tornado relief case. Second, the supplement is based on allegations in a complaint—not a finding/verdict—so none of the supplemental facts have been proved. Third, the parties are different.

So the court exercises its discretion under Rule 15(d) to **DENY** ServePro's Motion to File a Supplemental Pleading (doc. 20).

**DONE** and **ORDERED** on September 16, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE