UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BWW, Inc., *doing business as* SERVPRO of Birmingham, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 1:21-cv-00470-CLM ) |
| JAMES BRIGHAM, etc., et al.; | ) ) |
| Defendants. | ) ) |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO SUPPLEMENTAL MOTION TO DISMISS

James Brigham, David Thompson, and President Donald C. Killingsworth, current and former Jacksonville State University officers, reply to Plaintiff's Response to Defendant's Supplement to Motion to Dismiss and Response to Plaintiff's Claim in the Board of Adjustment. (Doc 29). No amount of characterization and argument will change the Complaint's plain wording in which Servpro seeks to recover damages from the State of Alabama both directly, by demanding "legal damages," and indirectly, by seeking payment of damages through a mandatory injunction. This lawsuit should be dismissed.

### POINTS AND AUTHORITIES

The point of JSU's initial brief was to provide notice to the Court that Servpro attempted to file a breach of contract claim against JSU with the State Board of

Adjustment. This Board of Adjustment claim is important for two reasons. <u>First</u>, Servpro's Board of Adjustment claim seeks money allegedly owed under the JSU – Servpro contract, the exact relief Servpro seeks in this case. <u>Second</u>, it shows that even Servpro knows that the only venue for a money damage claim against JSU, particularly a claim for breach of contract, is the Board of Adjustment.

The essence of Servpro's Opposition is that it has not sued JSU for money damages in this Court, so the Board of Adjustment filing makes no difference. Servpro contends it can get its breach of contract damages via mandatory injunction against Brigham, Thompson, and Killingsworth (requiring them to pay money allegedly owed to Servpro) so it is not skirting the Board of Adjustment's exclusive jurisdiction.

What the law forbids to be done directly cannot be made lawful by doing it indirectly. *See State Docks Com. v. Barnes*, 143 So. 581, 583 (Ala. 1932) (holding that Section 14 of the Alabama Constitution "means not only that the state itself may not be sued, but that this cannot be indirectly accomplished by suing its officers or agents in their official capacity, when a result favorable to plaintiff would be directly to affect the financial status of the state treasury."); *Sanders v. Cabaniss*, 43 Ala. 173, 188 (1869) ("It is a very clear proposition, that what cannot lawfully be done directly, cannot be done indirectly--no device, though it be so cunningly contrived as to make wrong appear to be right, can justify it.")

Servpro is trying to achieve indirectly what it cannot do directly. Servpro knows that it cannot directly recover money damages from JSU in this Court so it impermissibly tries to accomplish this indirectly by couching its breach of contract claim as a request for mandatory injunction. Paragraph 152(a) of Servpro's Complaint (Doc. 1) asks this Court to require Brigham, Thompson, and Killingsworth to "issue the necessary . . . checks. . . to fulfill [JSU's] Contractual obligations to Servpro as a result of performance of its [contractual] obligations related to the repair and restoration work at JSU." This Court should reject Servpro's efforts to accomplish indirectly by injunction what it cannot achieve directly- a federal court lawsuit against JSU.

In *Lyons v. River Rd. Constr., Inc.*, 858 So. 2d 257 (Ala. 2003), the Alabama Supreme Court rejected a similar attempt by a plaintiff to disguise a claim for damages to avoid immunity. In *Lyons,* the plaintiff-dredging subcontractor sued the port authority director for providing the subcontractor an inaccurate soil composition report which caused unforeseen expenses. *Id.* at 258. Rather than sue for damages, because of the bar of sovereign immunity, the subcontractor tried to shoehorn the claim into one for declaratory relief and mandatory injunction as Servpro does here.

The Alabama Supreme Court rejected this indirect effort to obtain damages from the State, noting: "Lyons contends that River Road is attempting to characterize its claim as a declaratory-judgment action, when it is nothing more than an action

3

for damages. We agree." *Id.* at 263. Thus, the Court reversed the trial court and ordered the dismissal of the plaintiff's claims.

Similarly, here Servpro's efforts to disguise its breach of contract claim against JSU as a mandatory injunction claim against Brigham, Thompson, and Killingsworth should be rejected. Servpro argues that a review of its Complaint shows that it is not seeking money damages from JSU. On the contrary, a review of the Complaint shows that Servpro seeks money damages from JSU but labels it something else. *See, e.g.*, Doc. 1, paras. 31, 34, 42, 44, 47, 49, 50, 71, 99, 102, 104, 105.

Nomenclature aside, Servpro's federal lawsuit Complaint seeks an impermissible recovery of money damages from the State and JSU based on breach of the JSU-Servpro Contract. As the Court stated in *Bradshaw v. Unity Marine Corp.*, 147 F. Supp. 2d 668, 671 (S.D. Tex 2001), "at the end of the day, even if you put a calico dress on it and call it Florence, a pig is still a pig."

Servpro also argues that sovereign immunity and Board of Adjustment exclusive jurisdiction do not bar its claims against Thompson and Brigham in their individual capacity. It does not matter. In their initial Motion to Dismiss, Brigham, Thompson, and Killingsworth showed many reasons why those claims otherwise failed as a matter of law. (Doc. 9, p. 10-33). By and large, Servpro ignored those arguments.

Next, in its initial brief, JSU pointed out that this Court should decline what is essentially a request by Servpro to strip the Board of Adjustment of jurisdiction by having this Court enter a declaratory judgment, labeled by Servpro as a mandatory injunction, on its breach of contract claim against JSU. (Doc. 28, p. 6-7). Tellingly, Servpro failed to respond to this argument.

Servpro's argument is that regardless of the substance of its claims, it can create jurisdiction in this Court via the use of creative nomenclature. But substance is what matters. Servpro's Complaint should be dismissed. Servpro should litigate its breach of contract claims against JSU at the Board of Adjustment where they belong.

DATE: January 13, 2022.

Respectfully submitted,

*/s/ Wayne Morse*
Wayne Morse
Attorney for Defendants

WALDREP STEWART
& KENDRICK, LLP
2850 19th Street South
Suite 370
Homewood, AL 35209
Telephone: (205) 327-8325
Facsimile: (205) 327-8302
Email: morse@wskllp.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on <u>January 13, 2022</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Barry W. Hair
Brad J. Smith
Clark, Hair & Smith, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, AL  35242

            */s/ Wayne Morse*
            Wayne Morse
            Attorney for Defendants